UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


ERIK MATTSON, individually and on behalf
of all others similarly situated,

            Plaintiff,

     v.

QUICKEN LOANS, INC.; NEW PENN
FINANCIAL, LLC.; VISION QUEST
LENDING; and UNITED MORTGAGE,
CORP.,

          Defendant.

Case No. 3:17-cv-01840-YY

OPINION AND ORDER


YOU, Magistrate Judge:

## INTRODUCTION

Plaintiff Erik Mattson ("Mattson") brings this putative class action against Quicken

Loans, Inc. ("Quicken Loans"), New Penn Financial, LLC ("New Penn"), Vision Quest Lending

("Vision Quest"), and United Mortgage, Corp. ("United") for violations of the Telephone

Consumer Protection Act of 1991 ("TCPA"). Mattson seeks leave to amend his initial complaint

pursuant to FRCP 15(a)(2), and has included a proposed First Amended Complaint ("FAC") with

his motion as required. The FAC alleges that, within a twelve-month period, each defendant

made two or more calls and/or text messages to Mattson, a registrant of the national do not call

registry, in violation of 47 U.S.C. 227(c) and 47 C.F.R. § 64.1200(c). Because the elements for joinder of the four defendants under FRCP 20(a)(2) are not satisfied, severance is required pursuant to FRCP 21. With this modification, the motion for leave to amend (ECF #60) is GRANTED, and the motions to dismiss (ECF ##17, 43, 44, 47) are DENIED as moot.

## STANDARDS

FRCP 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." However, leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir. 1990) (emphasis added). The court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original). In its exercise of discretion, the court may also properly consider whether allowing additional claims at a late date will require further discovery, resulting in prejudice to the opposing party and a delay of the proceedings. *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

## PROCEDURAL AND FACTUAL BACKGROUND

Alleging receipt of calls and text messages in violation of the TCPA, Mattson filed a class action complaint against Quicken Loans, New Penn, Vision Quest, and United. ECF #1. Defendants moved to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim under FRCP 12(b)(1), (2), and (6). ECF ##17, 43, 44, 47. Oral argument was held on March 13, 2018. By order dated March 14, 2018, this court held the

motion to dismiss in abeyance to allow Mattson to seek leave to amend the complaint. Mattson was directed to address the following deficiencies:

1. The allegation of "multiple calls from defendants" fails the FRCP 8 test because it impermissibly lumps all of the defendants together without any supporting factual allegations about date, time, content, source, number, or other information about any single call.

2. The allegations fail to state a claim under 47 U.S.C. § 227, which requires more than one call in a 12-month period. There is no allegation that any defendant made more than one call.

3. The personal jurisdiction allegations are insufficient. Factual allegations regarding each defendant's contact with Oregon are required.

4. The allegations about agency are confusing and factually unsupported. If, as was stated in the oral argument, plaintiff is not alleging collusion, these allegations should be removed.

5. The complaint fails to connect plaintiff's alleged injury with any conduct of any specific defendant.

Pending clarification of the allegations of coordination or collusion between the defendants, this court deferred the decision on whether this case is more appropriately filed as four separate lawsuits.

On March 26, 2018, Mattson filed his motion for leave to amend, attaching a copy of the proposed FAC, in accordance with the March 14, 2018 order and LR 15-1. ECF # 60. The FAC alleges that despite his registration with the national do not call registry, Mattson began receiving automated calls on his cellular telephone from various numbers offering refinanced mortgage products, in violation of 47 U.S.C. 227(c). FAC ¶ 48, ECF #60.

Mattson alleges that, on September 3, 2017, and September 4, 2017, he received text messages from Quicken Loans. *Id*. ¶¶ 58 & 59. Mattson also alleges that Quicken Loans called his cellular telephone on September 6, 2017, November 16, 2017, and November 20, 2017. *Id*. ¶¶ 61-63. Mattson further alleges that on or about September 3, 2017, he received a text message

from New Penn's mortgage services, and that New Penn called his cellular telephone on October 9, 2017, and October 31, 2017. *Id.* ¶¶ 74-76. Mattson alleges he received a telephone call from United on or about October 13, 2017, and that United called him again on November 6, 2017, November 14, 2017, November 17, 2017, and December 6, 2017. *Id.* ¶¶ 87-89. Finally, Mattson alleges he received solicitation calls from Vision Quest on September 5, 2017, and September 11, 2017. *Id.* ¶¶ 99 & 100. Mattson claims he never provided any of the defendants with prior express consent to contact him on his cellular telephone via a text message or a telephone call. *Id.* ¶¶ 57, 73, 86 & 98.

The FAC adds factual allegations regarding each defendant's contact with Oregon. FAC ¶¶ 17-30. It also deletes all allegations of agency, collusion, or coordination among the defendants. Mattson specifically alleges that the "name[d] Defendants are not in a joint marketing scheme and are not agents of each other." *Id.* ¶ 31.

## DISCUSSION

### I.     The FAC states a claim for violation of the TCPA.

The purpose of the TCPA is to prevent repeated, unwanted telemarketing calls by honoring do-not-call requests. *Heidorn v. BDD Marketing & Mgmt. Co., LLC*, 2013 WL 6571629 *16 (N.D. Cal. Aug. 19, 2013); *see also Satterfield v. Simon & Schuster, Inc*., 569 F.3d 946, 954 (9th Cir. 2009) ("The TCPA was enacted in response to an increasing number of consumer complaints arising from the increased number of telemarketing calls."). The TCPA permits a claim by any person who has received more than one offending telephone call by or on behalf of the same entity within any 12–month period. 47 U.S.C. § 227(c)(5); *Meilleur v. AT & T Corp.*, 2012 WL 367058, at *1 (W.D. Wash. 2012).

Section 227(c) of the TCPA directs the Federal Communications Commission (FCC) to formulate regulations to protect telephone subscribers' privacy rights and authorizes the establishment of a national database to compile the numbers of telephone subscribers who object

to receiving telephone solicitations. 47 U.S.C. § 227(c)(2–3). The regulations promulgated under section 227(c) provide that it is a violation of the TCPA to call "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2). The FCC defines a "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(14); *see also Narayn v. Citibank, N.A.*, 2013 WL 4780864, at *3–4 (E.D. Cal. 2013).

Under the TCPA, a text message is a "call." *Satterfield,* 569 F.3d at 952-54 (holding a "voice message or a text message are not distinguishable in terms of being an invasion of privacy"). Section 64.1200(c)(2) also applies to wireless telephone subscribers who have registered their numbers on the national do-not-call registry. 47 C.F.R. § 64.1200(e).

A telemarketer is not liable under this provision if it can show that "[i]t has obtained the subscriber's prior express invitation or permission" to receive telephone calls, "evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed." 47 U.S.C. § 64.1200(c)(ii). *Heidorn,* 2013 WL 6571629, at *10.[1]

In *Orsatti v. Quicken Loans, Inc*., the court upheld nearly identical allegations as sufficient. 2016 WL 7650574 (C.D. Cal. Sept. 12, 2016). Orsatti alleged that she was on the national do not call registry, that the calls from Quicken Loans were for solicitation purposes, and that she received at least two calls within a 12–month period. Taking these pleadings as

---

[1] Defendants assert that Mattson has conflated the terms "prior express consent" and "prior express invitation or permission," both of which are used in the statute. ECF # 61 at 10-11. Defendants do not explain how this is significant, and in any event, the elements of the affirmative defense are not relevant to the sufficiency of the FAC.

true, the court found that the plaintiff had sufficiently alleged a claim under section 64.1200(c)(2). *Id.* at *4; *see also Meilleur v. AT & T Inc.*, 2011 WL 5592647, at *2 (W.D. Wash., Nov. 16, 2011) (requiring plaintiff to allege two calls violating the do-not-call regulations in a twelve-month period to have a cause of action under the TCPA to enforce 47 C.F.R. § 64.1200(c)(2)).

Taking the facts alleged in the FAC as true, Mattson has sufficiently alleged a claim under 47 U.S.C. § 227(c). Accordingly, the motion seeking leave to amend is granted[2] and the motion to dismiss, previously held in abeyance, is denied as moot.

## II.    The FAC does not state a claim under 47 U.S.C. § 227(d) or 47 C.F.R.§ 64.1200(d).

The FAC alleges that each defendant "violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers . . . without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them." FAC ¶¶ 149, 155, 161 & 167. However, in his reply in support of the motion for leave to amend, Mattson specifically disclaims seeking relief for this alleged violation:

> The single claim [p]laintiff alleges against all [d]efendants is this: they violated the TCPA by calling [p]laintiff and the proposed class members two or more times during a 12-month period while their numbers were registered on the National Do-Not-Call ("DNC") Registry. He alleges nothing else.

Mattson reiterated the same during oral argument on this motion.

On the basis of this representation, and its own observation that the FAC does not plead facts to support a claim under 47 USC § 227(d) or implementing regulation 47 C.F.R. §

---

[2] "Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." *Cazares v. Morris*, 2011 WL 2414543, at *2 (D.Ariz. June 16, 2011) (citations omitted).

64.1200(d), this court notes, for purposes of clarity, that the FAC states only a single claim under 47 U.S.C. 227(c).

At oral argument, Mattson's counsel further explained that this language was included for background purposes, as a "contributing factor," i.e. "one of the factors that caused [defendants] to call people on the do-not-call list." Defendants have raised concerns that leaving this information in the complaint will lead to overly-broad discovery; however, such a concern is speculative at this time. If an issue of this nature arises, it can be addressed in the context of a discovery dispute.

## III.    Severance Required

To bring claims against different defendants in the same lawsuit, a plaintiff must satisfy FRCP 20, which governs joinder of parties. Permissive joinder of multiple defendants in a single lawsuit is allowed only if: (1) a right to relief is asserted against each defendant that relates to or arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties arises in the action. FRCP 20(a)(2). Unrelated claims involving different defendants must be brought in separate actions. *See George v. Smith*, 507 F.3d 605, 607 (9th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits"); *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues."). When there is a misjoinder of parties, the court may, on its own initiative at any stage of the litigation, drop any party or sever any claim against a party. FRCP 21; *Riley v. Kernan*, 2017 WL 3437576, at *4 (S.D. Cal., Aug. 10, 2017).

Defendants urge this court to deny leave to amend, and to dismiss this action with prejudice because of misjoinder. However, on its face FRCP 21 provides that misjoinder is not grounds for dismissal. The cases on which defendants rely do not compel dismissal either. For example, in *Volis v. Housing Auth. of City of Los Angeles Employees*, plaintiff sought leave to amend to add an additional defendant. 2014 WL 12675082, at *9 (C.D. Cal. Jan. 16, 2014). The court found joinder would be improper and denied the amendment as futile. The court did not adopt the broad holding that an existing misjoinder "provides a sufficient basis to deny a motion to amend as futile," as defendants assert, but instead declined to add the particular defendant. Resp. at 2, ECF #61. The other authorities on which defendants rely are likewise distinguishable. *See Phoenix Licensing, LLC v. Aetna, Inc.*, 2012 WL 3472973, at *2 (E.D. Tex. Aug. 15, 2012) (declining to add a defendant); *Williams v. Smith*, 2012 WL 259690 at *3 (M.D.N.C. Jan. 27, 2012) (same); *Alvarez v. Armour Pharm.*, 1997 WL 566373, at *2 (N.D. Ill. Sept. 8, 1997) (rejecting motion to amend to add 100 plaintiffs).

*Johnson v. Pamplin*, 2018 WL 316974 (S.D. Cal., Jan. 8, 2018), is analogous. In *Johnson*, the court found misjoinder where the complaint alleged two different assaults against the plaintiff by different defendants. The court found that the complaint did not contain "factual allegations linking the two different assaults at the hands of different defendants or which otherwise show that they overlap." *Id.* at *3. Citing FRCP 21, the court declined to dismiss the entire action. Instead, it granted defendant's motion to dismiss and also granted plaintiff leave to amend the complaint.

Here, as in *Johnson*, the FAC alleges distinct violations, on different dates and times and by different means by different defendants. There are no allegations linking the activities of the

defendants and no factual overlap is alleged.  In such circumstances, claims against the defendants must be severed.  Mattson is therefore directed to file four separate actions.[3]

## CONCLUSION

For the foregoing reasons, Mattson's motion seeking leave to amend the complaint (ECF #60) is GRANTED.  Mattson is ordered to sever the allegations and file amended complaints against each of the defendants individually, as four separate actions with unique case numbers. The motions to dismiss currently held in abeyance (ECF ##17, 43, 44, 47) are DENIED as moot.

It is SO ORDERED.

DATED May 22, 2018.

/s/Youlee Yim You
_____
Youlee Yim You
United States Magistrate Judge

---

[3] The order severing this matter, and allowing the claims to proceed as separate actions, is non-dispositive. *See Behroozi v. New Albertson's, Inc*., 2014 WL 5469033, at *1 (D. Nev. Oct. 24, 2014)("When a court grants a motion to sever a claim, the suit on that claim simply continues in another guise," rendering the dispute a "non-dispositive matter[] properly determined by a magistrate judge.").